**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                              **4:14-CR-00209-01-JM**

**JAMONDA SMITH**

**ORDER**

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 56) is DENIED.

**I.    BACKGROUND**

On August 18, 2016, Defendant pled guilty to possession of an unregistered firemen and possession with intent to deliver marijuana.[1] On August 8, 2017, he was sentenced to 137 months in prison.[2]

**II.   DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]

---

[1] Doc. Nos. 47, 48.

[2] Doc. Nos. 51, 52.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

Defendant does not allege, nor does he provide documentation, that he exhausted his administrative remedies at the Bureau of Prisons.

Even if this Court had jurisdiction, the request would be denied. Defendant asserts that he is at a higher risk of contracting COVID-19 and suffering serious illness or death because he has COPD, high blood pressure, and high cholesterol. First, none of these medical conditions amount to an "extraordinary and compelling" reason warranting release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5] None of Defendant's health conditions are listed. In fact, several of Defendant's health issues are common, so there is nothing extraordinary and compelling about them.[6] Defendant has provided no argument or evidence that his are unable to be controlled with medication. Additionally, Defendant's health conditions were not severe enough to prevent him from smoking marijuana on a daily basis for years.[7] Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or

---

[5] Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (I) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(I) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6] *United States v. Mitchell*, No. 5:10-CR-50067-001, 2020 WL 544703, at *3 (W.D. Ark. Feb. 3, 2020)("The medical conditions about which Mr. Mitchell complains are arguably due to the aging process, but the Court is not convinced that ordinary geriatric ailments, including back pain, rise to the level of 'extraordinary and compelling reasons' that are required to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).").

[7] Defendant's October 5, 2016 Presentence Report.

compelling enough reasons for release."[8]  Third, Defendant is 40 years old and has served less than 50% of his sentence, which means he does not meet the age and minimum served-time requirement under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has fifteen prior convictions, which include theft by receiving, several drug-possession convictions, felon in possession of a firearm and four convictions for possession with intent to deliver drugs.  Notably, Defendant's possession with intent to deliver and felon in possession conviction involve the same behavior as the instant offense.  In fact, defendant was on parole for a prior drug-related conviction when he committed the instant offense.

The severity of the instant offense must also be considered.  Based on a tip, officers pulled-over Defendant after he committed a traffic violation.  During a search of the vehicle officers found marijuana, digital scales, and drug distribution paraphernalia.  When Defendant's parole officer searched his house, he discovered an unregistered sawed-off shotgun and two handguns.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 56) is DENIED.

IT IS SO ORDERED, this 4th day of August, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

[8] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).